**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Ruben NINO–GUERRERO,
Defendant–Appellant.**

**No. 07–50653
Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 2007.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Bowen W. Sutton, Law Offices of Bowen W. Sutton, San Antonio, TX, for Defendant–Appellant.

Before REAVLEY, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM: *

Ruben Nino–Guerrero (Nino) appeals the 57–month sentence he received following his guilty-plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. For the first time on appeal, he argues that the 16–level enhancement he received, pursuant to U.S.S.G. § 2L1.2(b), for having been deported following a prior aggravated felony conviction was error.

The instant appeal is barred by the waiver-of-appeal provision in Nino's plea

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

agreement, which waiver was knowing and voluntary and is enforceable. *See United States v. Melancon,* 972 F.2d 566, 567–68 (5th Cir.1992); FED.R.CRIM.P. 11(b)(1)(N). The Government seeks to enforce the waiver, and Nino has abandoned any challenge to the validity of his plea or the waiver provision by failing to brief it. *See United States v. Story,* 439 F.3d 226, 231 (5th Cir.2006); *see also United States v. Green,* 964 F.2d 365, 371 (5th Cir.1992). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.